1  MICHAEL BARNES (Bar No. 121314)
   ANDREA HALL (Bar No. 317491)
2  DENTONS US LLP
   One Market Plaza, Spear Tower, 24th Floor
3  San Francisco, California 94105
   Telephone: (415) 267-4000
4  Facsimile: (415) 267-4198
   Emails:      michael.barnes@dentons.com
5                andrea.hall@dentons.com

6  Attorneys for Defendants
   ENSTAR HOLDINGS (US) LLC.,
7  ENSTAR (US) INC. dba ENSTAR
   ADMINISTRATORS, and
8  CRANMORE (US) INC.

9

                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12  CALIFORNIA CAPITAL                Case No. 2:20-cv-07806 ODW (JPRx)
    INSURANCE COMPANY, a
13  California corporation, EAGLE      **STIPULATED PROTECTIVE**
    WEST INSURANCE COMPANY, a         **ORDER**
14  California corporation, MONTEREY
    INSURANCE COMPANY, a
15  California corporation, and NEVADA
    CAPITAL INSURANCE
16  COMPANY, a Nevada corporation

17          Plaintiffs,
    v.
18

19  ENSTAR HOLDINGS (US) LLC, a
    Delaware limited liability company,
20  ENSTAR (US) INC. dba ENSTAR
    ADMINISTRATORS, a Delaware
21  corporation, CRANMORE (US)
    INC., a Delaware corporation.
22  ENSTAR GROUP LIMITED, a
    Bermuda entity, and DOES 1 through
23  10,

24          Defendants.

25

26

27

28

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1.     <u>INTRODUCTION</u>

    1.1     <u>PURPOSES AND LIMITATIONS</u>

        Plaintiffs California Capital Insurance Company, Eagle West Insurance Company, Monterey Insurance Company, and Nevada Capital Insurance Company (collectively "CIG"), Defendants Enstar Holdings (US) LLC, Enstar (US) Inc. doing business as Enstar Administrators, and Cranmore (US) enter into this Stipulated Protective Order through their undersigned counsel.  Defendants Enstar Holdings (US) LLC, Enstar (US) Inc., and Cranmore (US) (collectively "Enstar Defendants") enter into this Stipulated Protective Order.  One of the purposes of this Stipulated Protective Order is to allow the Enstar Defendants to produce confidential, proprietary, or private information to CIG regarding the court's jurisdiction over the Enstar Defendants. Nothing in this stipulation shall constitute an admission that this court can properly exercise jurisdiction over Enstar Defendants, and the parties agree that, by entering into this stipulation, the Enstar Defendants do not consent to the court's jurisdiction. Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

### 1.2   GOOD CAUSE STATEMENT

This action is likely to involve confidential information regarding Enstar Holdings (US) LLC's acquisition of MRNA, CIG's handling of the disputed claims ceded to MRNA and communications related to the foregoing for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: U.S. District Court for the Central District of California Case No. 2:20-cv-07806-ODW-JPR.

2.2   Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415)267-4000

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     House Counsel:  attorneys who are employees of a Party to this Action or a Party's corporate affiliate.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11    Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items,

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2    The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3    The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1   (c)  cooperate with respect to all reasonable procedures sought to be pursued by

2   the Designating Party whose Protected Material may be affected.

3   If the Designating Party timely seeks a protective order, the Party served with

4   the subpoena or court order should not produce any information designated in this

5   action as "CONFIDENTIAL" before a determination on the protective-order request

6   by the relevant court unless the Party has obtained the Designating Party's permission.

7   The Designating Party bears the burden and expense of seeking protection of its

8   Confidential Material, and nothing in these provisions should be construed as

9   authorizing or encouraging a Receiving Party in this Action to disobey a lawful

10   directive from another court.

11   9.   A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

12   IN THIS LITIGATION

13   (a)  The terms of this Order are applicable to information produced by a

14   Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is

15   protected by the remedies and relief provided by this Order.  Nothing in these

16   provisions should be construed as prohibiting a Nonparty from seeking additional

17   protections.

18   (b)  In the event that a Party is required by a valid discovery request to produce a

19   Nonparty's Confidential Information in its possession and the Party is subject to an

20   agreement with the Nonparty not to produce the Nonparty's Confidential Information,

21   then the Party must

22   (1)  promptly notify in writing the Requesting Party and the Nonparty that some

23   or all of the information requested is subject to a confidentiality agreement with a

24   Nonparty;

25   (2)  promptly provide the Nonparty with a copy of this Order, the relevant

26   discovery request(s), and a reasonably specific description of the information

27   requested; and

28

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

(3)  make the information requested available for inspection by the Nonparty, if requested.

(c)  If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.

12.  <u>MISCELLANEOUS</u>

12.1  Nothing in this Order abridges the right of any person to seek its modification by the Court.

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

12.2    By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1    14.    <u>SANCTIONS</u>

2         Any willful violation of this Order may be punished by civil or criminal

3    contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or

4    other appropriate action at the discretion of the Court.

5

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7    Dated: September 24, 2020          Respectfully submitted,
                                        DYKEMA GOSSETT PLLC
8

9
                                        By  /s/ Cory L. Webster
10                                           Cory L. Webster

11                                      Attorneys for Plaintiffs
                                        CALIFORNIA CAPITAL INSURANCE
12                                      COMPANY, EAGLE WEST INSURANCE
                                        COMPANY, MONTEREY INSURANCE
13                                      COMPANY, and NEVADA CAPITAL
                                        INSURANCE COMPANY
14
     Dated: September 24, 2020          Respectfully submitted,
15                                      DENTONS US LLP

16

17                                      By  /s/ Michael Barnes
                                             Michael Barnes
18

19                                      Attorneys for Defendants
                                        ENSTAR HOLDINGS (US) LLC,
20                                      ENSTAR (US) INC. DBA ENSTAR
                                        ADMINISTRATORS, and
21                                      CRANMORE (US) INC.

22   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23

24   DATED:  9/28/20                         /S/

25                                      HON. JEAN P. ROSENBLUTH
                                        United States Magistrate Judge
26

27

28

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1

2   **FILER'S ATTESTATION**

3     The undersigned attests that concurrence in the filing of this document was

4   obtained from all parties whose electronic signatures appear above.

5   Dated:  September 24, 2020   DENTONS US LLP

6

7                By: /s/ Michael Barnes

8                 Michael Barnes

9                Attorneys for Defendant
    ENSTAR HOLDINGS (US) LLC,
10               ENSTAR (US) INC. DBA ENSTAR
    ADMINISTRATORS, and
11               CRANMORE (US) INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
ONE MARKET STREET, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of _____ **[insert case name and number]**. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

Case No. 2:20-cv-07806-ODW-JPR                    STIPULATION FOR PROTECTIVE ORDER