O

# United States District Court
# Central District of California

CALIFORNIA CAPITAL INSURANCE COMPANY, et al.,

Plaintiffs,

v.

ENSTAR HOLDINGS (US) LLC, et al.,

Defendants.

Case No. 2:20-cv-07806-ODW (JPRx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [20]**

## I. INTRODUCTION

Plaintiffs California Capital Insurance Company, Eagle West Insurance Company, Monterey Insurance Company, and Nevada Capital Insurance Company allege that in 2012 they entered into a reinsurance agreement (the "Treaty") with non-party Maiden Reinsurance North America, Inc. ("Maiden"). (Notice of Removal, Ex. 2 ("Complaint" or "Compl."), ECF No. 1-2.) Plaintiffs allege that Defendants Enstar Holdings US LLC ("Enstar Holdings"), Enstar US Inc. (d/b/a Enstar Administrators), Cranmore US Inc., and Enstar Group Ltd. acquired Maiden in 2018 and thereafter directed Maiden to breach its obligations under the Treaty. (*See generally* Compl.) Based on these allegations, Plaintiffs assert claims against Defendants for intentional interference with contractual relations and inducing breach

of contract. (*See id.*) Defendants move to dismiss for failure to state a claim and for lack of personal jurisdiction as to Enstar Holdings.[1] (*See* Mot. to Dismiss ("Motion" or "Mot."), ECF No. 20.) The matter is fully briefed. (*See* Opp'n, ECF No. 22; Reply ECF No. 23.) For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.[2]

## II. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendants request the Court judicially notice two Intercompany Services Agreements ("Agreements") that Enstar US Inc. and Cranmore US Inc. entered into with Maiden to provide various management services. (Req. for Judicial Notice ("RFJN"), ECF No. 21; RFJN Ex. 1, ECF No. 29; RFJN Ex. 2, ECF No. 31.)

There are two instances in which courts may consider information outside of the complaint without converting a Rule 12(b)(6) motion into one for summary judgment: judicial notice and incorporation by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Judicial notice allows courts to consider a fact that is not subject to reasonable dispute because it is generally known within the territory or can be determined from sources of unquestionable accuracy. Fed. R. Evid. 201. Incorporation by reference allows a court to consider documents which are (1) referenced in the complaint, (2) central to the plaintiff's claim, and (3) of unquestioned authenticity by either party. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Here, Defendants contend that judicial notice of the Agreements is appropriate because Plaintiffs refer to Defendants' acquisition of Maiden "at least six times" in the Complaint. (RFJN 2.) This does not constitute proper grounds for judicial notice. As

[1] Plaintiffs do not oppose dismissal of Enstar Holdings. (See Opp'n 26 ("[Plaintiffs do] not oppose the motion to dismiss only Enstar Holdings.").) Accordingly, Defendants' Motion is **GRANTED** to the extent they seek to dismiss all claims asserted against Enstar Holdings.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

for incorporation by reference, Plaintiffs' allegations that Defendants acquired Maiden are not a direct or indirect reference to the Agreements purportedly related to that acquisition. Moreover, the Agreements do not form the basis of Plaintiffs' claims that Defendants interfered with and induced a breach of the Treaty between Plaintiffs and Maiden. Accordingly, the Court declines to take judicial notice of the Agreements, and Defendants' Request for Judicial Notice is **DENIED**.

## III. BACKGROUND[3]

In 2012, Plaintiffs and Maiden executed the Treaty, which delineates the terms of reinsurance that Maiden provided to Plaintiffs. (Compl. ¶ 13.) For several years, Maiden (the reinsurer) fulfilled its obligations under the Treaty by paying Plaintiffs (the reinsureds) according to the Treaty's terms. (*Id.* ¶ 14.) In 2018, Defendants acquired Maiden, and shortly thereafter, Defendants began to interfere with Maiden's performance under the Treaty. (*Id.* ¶¶ 14–23.)

According to Plaintiffs, Defendants fabricated reinsurance coverage disputes concerning taxi and limousine livery, trucking, and habitability claims, where no disputes regarding these claims existed prior to the acquisition. (*Id.*) Specifically, Plaintiffs allege Maiden breached its obligations under the Treaty by failing to provide reimbursement for livery losses, "demanding Plaintiffs return funds already paid to Plaintiffs for trucking losses," and "refusing to pay reimbursement obligations for habitability claims." (*Id.* ¶¶ 17, 19, 24.) Plaintiffs further allege Defendants "directed Maiden" to breach its obligations under the Treaty. (*Id.* ¶¶ 17, 19, 23.)

## IV. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

---

[3] For purposes of this Rule 12 Motion, the Court takes all of Plaintiffs' well-pleaded allegations as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

requirements of Rule 8(a)(2)—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. On a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## V. DISCUSSION

Plaintiffs assert claims for intentional interference with contractual relations and inducing breach of contract. (Compl.) Defendants move to dismiss for failure to state a claim on the grounds that: (1) Plaintiffs' allegations are conclusory, and (2) Defendants cannot be liable for these claims because they were acting as Maiden's agents. (Mot. 3–8.)

### A. Intentional Interference with Contractual Relations and Inducing Breach

Plaintiffs' claims, "though related, are distinct." *Little v. Amber Hotel Co.*, 202 Cal. App. 4th 280, 291 (2011). To state a claim for intentional interference with contractual relations, a plaintiff must show: "(1) [it] had a valid and existing contract with a third party; (2) defendant had knowledge of this contract; (3) defendant committed intentional and unjustified acts designed to interfere with or disrupt the contract; (4) actual interference with or disruption of the relationship; and (5) resulting damages." *Id.* (quoting *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122–23 (1985)). The elements required to state a claim for inducing breach of contract are the same,

except the plaintiff must prove an actual breach of contract. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1129 (1990).

Defendants argue that Plaintiffs' allegations are "rote recitation[s] of the elements" of their claims. (Mot. 4.) The Court disagrees. ***First***, Plaintiffs allege the existence of the agreement that it entered into with Maiden (i.e., the Treaty). (*See* Opp'n 13 (citing Compl. ¶¶ 13, 26).) ***Second***, Plaintiffs allege Defendants knew of the existence of the Treaty. (*See id.* (citing Compl. ¶ 27).) ***Third***, Plaintiffs allege that after Defendants acquired Maiden in late 2018, Defendants directed Maiden to breach the Treaty by fabricating reinsurance coverage disputes and by refusing to reimburse Plaintiffs for losses on livery, trucking, and habitability claims. (*See id.* (citing Compl. ¶¶ 14–24, 28).) ***Fourth***, Plaintiffs allege Maiden breached the Treaty by refusing to pay reimbursement obligations under the Treaty and "demanding Plaintiffs return funds already paid to Plaintiffs" for certain losses. (*See id.* (citing Compl. ¶¶ 17, 20, 24, 28.) ***Fifth and finally***, Plaintiffs allege "[a]s a direct and proximate result of Defendants' interference with Maiden's performance under the Treaty, Plaintiffs suffered damages." (Compl. ¶ 30.)

Based on the foregoing, the Court finds that Plaintiffs provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). And although Plaintiffs do not allege exactly how Defendants directed Maiden to breach the Treaty, (*see* Mot. 5), the Complaint nonetheless contains sufficient allegations under the applicable notice pleading standards of Rule 8(a) to survive dismissal under Rule 12(b)(6). Accordingly, to the extent Defendants seek to dismiss Plaintiffs' claims for failure to state a claim, their Motion is **DENIED**.

**B. Agency Liability**

Alternatively, Defendants seek to dismiss Plaintiffs' claims on the ground that Defendants purportedly have Agreements (*see infra*, Section II) to service Maiden's reinsurance contracts, and thus, they cannot be held liable for interfering with or

inducing breach of the Treaty. (Mot. 6–8.) However, the Agreements are not subject to judicial notice and cannot be considered on a motion to dismiss. *See Ritchie*, 342 F.3d at 908. Accordingly, to the extent Defendants seek to dismiss Plaintiffs' Complaint under an agency theory, their Motion is **DENIED**.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 20.) All claims asserted against Enstar Holdings are **DISMISSED with prejudice**. Defendants' Motion is otherwise **DENIED**. Defendants shall file their Answer(s) to the Complaint in accordance with Rule 12(a)(4)(A).

**IT IS SO ORDERED.**

April 14, 2021

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**