O

# United States District Court
# Central District of California

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENSTAR HOLDINGS US LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-07806-ODW (JPRx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY [38] [56]** |

## I.   INTRODUCTION

Plaintiffs California Capital Insurance Company, Eagle West Insurance Company, Monterey Insurance Company, and Nevada Capital Insurance Company allege that in 2012 they entered into a reinsurance agreement (the "Treaty") with non-party Maiden Reinsurance North America, Inc.  (Notice of Removal ("NOR") Ex. 2 ("Compl.") ¶ 13, ECF No. 1-2.)  According to Plaintiffs, Defendants Enstar Holdings US LLC, Enstar US Inc. (d/b/a Enstar Administrators), Cranmore US Inc., and Enstar Group Ltd. acquired Maiden in 2018 and thereafter directed Maiden to breach its obligations under the Treaty.  (*See generally* Compl.)  Based on these allegations, Plaintiffs assert claims against Defendants for intentional interference with contractual relations and inducing breach of contract.  (*See generally id*.)  Defendants Enstar US Inc. and Cranmore US Inc. (together, "Moving Defendants") now move to stay this

case pending the resolution of related case, *Cal. Capital Ins. Co., v. Maiden Reinsurance N. Am., Inc.*, Case No. 2:20-cv-01264-ODW (JPRx) (hereinafter "*CCI I*"). (*See* Mot. Stay ("Mot." or "Motion"), ECF No. 38.) The Motion is fully briefed. (Opp'n, ECF No. 39; Reply, ECF No. 40.) For the reasons discussed below, the Court **GRANTS** Moving Defendants' Motion.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Plaintiffs and Maiden executed the Treaty, which delineates the terms of reinsurance that Maiden provided to Plaintiffs. (Compl. ¶ 13.) For several years, Maiden, the reinsurer, fulfilled its obligations under the Treaty by paying Plaintiffs, the reinsureds, according to the Treaty's terms. (*Id.* ¶ 14.) Plaintiffs allege that in 2018, Defendants acquired Maiden, and shortly thereafter, Defendants began to interfere with Maiden's performance under the Treaty. (*Id.* ¶¶ 14–23.)

According to Plaintiffs, Defendants fabricated reinsurance coverage disputes concerning taxi and limousine livery, trucking, and habitability claims, where no such disputes existed prior to the acquisition. (*Id.*) Specifically, Plaintiffs allege that Maiden—acting under Defendants' direction—breached its obligations under the Treaty by failing to provide reimbursement for livery losses, "demanding Plaintiffs return funds already paid to Plaintiffs for trucking losses," and "refusing to pay reimbursement obligations for habitability claims." (*Id.* ¶¶ 17, 19, 23, 24.)

On December 23, 2019, Plaintiffs sued Maiden in *CCI I* for breach of contract and breach of the covenant of good faith and fair dealing. (Opp'n 7.) Maiden later removed the case to federal court on diversity grounds. (*Id.*) On August 26, 2020, Plaintiffs filed this action against Defendants in Los Angeles County Superior court. (*See* Compl.) Plaintiffs sued Defendants for intentional interference with contractual relations and inducing breach of contract. (*Id.* ¶¶ 25–37.) Defendants later removed the action to this Court. (*See* NOR.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.

### III. LEGAL STANDARD

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Among the factors weighed in deciding whether to stay a pending proceeding are: (1) "the possible damages which may result from granting a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255); *see Peck*, 528 F. Supp. 3d at 1105–06 (observing that this test, which originated in *Landis*, continues to apply to decisions to stay proceedings).

### IV. DISCUSSION

Moving Defendants seek a stay on the grounds that the resolution of *CCI I* will either dispose of or narrow the scope of the issues in the instant case. (Mot. 5.) Although the hardships to the parties from imposing or not imposing a stay appear to stand in relative equipoise, a stay is nevertheless appropriate given the ability of *CCI I* to resolve issues in this case.

"A district court may find it efficient for its own docket and the fairest course of the litigation to enter a stay of an action pending resolution of independent proceedings which bear upon the case." *Morgan Hill Concerned Parents Ass'n v.*

3

*California Dep't of Educ.*, 781 F. App'x 666 (9th Cir. 2019). Thus, a stay is appropriate if the resolution of *CCI I* would simplify or resolve the "issues, proof, and questions of law" in the instant case. *Lockyer*, 398 F.3d at 1110.

To understand what effect the resolution of *CCI I* could have on this action, the Court first looks to the parties and facts of the two actions. The Plaintiffs are the same in both *CCI I* and the instant case. Further, the parties are represented by the same counsel in both *CCI I* and the instant case, and the facts surrounding both suits arise from the same contractual relationship between Plaintiffs and Maiden.

Next, the Court compares the elements of the claims in each action. In the instant action, Plaintiffs set forth claims for intentional interference with contractual relations and inducing breach of contract—specifically, that Defendants induced Maiden to breach the Treaty, or otherwise interfered with Maiden's performance of the Treaty. In *CCI I*, Plaintiffs set forth claims for breach of contract and breach of the covenant of good faith and fair dealing—specifically, that Maiden breached the Treaty. As explained below, the Court finds that the resolution of the *CCI I* breach of contract claim necessarily narrows, if not disposes of, the claims in this action.

A breach of contract claim requires proof of: (1) existence of the contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages to the plaintiff. *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 402 (2015). Comparably, a claim for inducing breach of contract requires a plaintiff to prove: (1) the existence of a contract with a third party; (2) the defendant had knowledge of the contract and intended to induce its breach; (3) the third party breached the contract; (4) the defendant's unjustified or wrongful conduct caused the breach; and (5) resulting damages. *Little v. Amber Hotel Co.*, 202 Cal. App. 4th 280, 291 (2011). Thus, if Plaintiffs prove that Maiden breached the Treaty in *CCI I*, they necessarily prove elements (1), (3), and (5) of their claim for inducing breach of contract in this case. Conversely, if Plaintiffs cannot prove that Maiden breached the Treaty in *CCI I*, Plaintiffs cannot possibly prove their inducing

breach of contract claim in this case. Thus, the resolution of *CCI I* at least narrows—and at most disposes of—Plaintiffs' inducing breach of contract claim in this case.

Additionally, Plaintiffs' claims in this action for intentional interference with contractual relations and inducing breach of contract are substantially similar, and *CCI I*'s impact therefore extends to the intentional interference of contractual relations claim in this case. *See id.* (comparing the elements of the two torts). To state a claim for intentional interference with contractual relations, a plaintiff must show: "(1) [it] had a valid and existing contract with a third party; (2) defendant had knowledge of this contract; (3) defendant committed intentional and unjustified acts designed to interfere with or disrupt the contract; (4) actual interference with or disruption of the relationship; and (5) resulting damages." *Id.* (quoting *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122–23 (1985)). Thus, a claim for intentional interference with contractual relations claim generally requires the same elements as that for inducing breach of contract, but "is slightly broader . . . in that it protects against intentional acts not necessarily resulting in a breach." *Id.* (quoting *Shamblin v. Berge*, 166 Cal. App. 3d at 122–23); *see Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1129 (1990). Accordingly, it logically follows that if Plaintiffs prevail on their breach of contract claim in *CCI I*, they necessarily prevail on element (1) of their intentional interference claim in this action. And if Plaintiffs do not prevail on their *CCI I* breach of contract claim specifically because they cannot prove the existence of a valid contract or damages, Plaintiffs' intentional inference claim in this action necessarily fails.[2] Thus, the resolution of *CCI I* will at least certainly narrow the claims at issue, and will possibly dispose of this entire action.

Under California law and on the face of Plaintiffs' Complaint, the resolution of *CCI I* will have an impact on the issues, proof, and questions of law in the instant case. *See Lockyer*, 398 F.3d at 1110. Irrespective of which party prevails in *CCI I*,

---

[2] The Court acknowledges that in the event Plaintiffs do not prevail on their *CCI I* breach of contract claim for other reasons such as failure to actual breach, it is possible that their intentional interference claim in this action is neither narrowed nor impacted.

the instant case would benefit from the simplification of issues, proof, and questions of law that would necessarily result from the resolution of *CCI I*. And because the two actions necessarily involve the same parties, some of the same issues, and some of the same discovery and witnesses, the resolution of *CCI I* will streamline the issues in this action, thereby furthering the "orderly course of justice." *Lockyer*, 398 F.3d at 1110. This alone justifies staying this action. *See Morgan Hill*, 781 F. App'x at 667 (affirming the district court's granting of a stay because "[w]hat is done [in the related case] will likely provide at least a partial remedy for [the plaintiff] here; thus, judicial economy strongly favors the stay"); *Safeco Ins. Co. of Am. v. Nelson*, No. 20-cv-00211-MMA (DEBx), 2020 WL 3791675, at *6 (S.D. Cal. July 7, 2020) (staying the instant action because allowing it to proceed simultaneously with underlying actions would create "a real risk of duplicative factual inquiry").

     Next, the Court balances the stay's simplification of issues with the hardships imposed on the parties, which, in this case, sit in equipoise. Moving Defendants assert that denying a stay would result in "hardship" if they must respond to Plaintiffs' discovery requests including thirty-one requests for production, seventeen interrogatories, and nine requests for admission. (Mot. 7–8.) Additionally, Moving Defendants argue the discovery in this case would be duplicative of the discovery already completed in *CCI I*. (*Id*. at 8.) Moving Defendants' assertions are unconvincing for two reasons. First, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255). Second, even if the Court was willing to accept Moving Defendants' argument that responding to Plaintiffs' discovery requests is a burden, Defendants have nonetheless managed to respond to Plaintiffs' requests for production, including by referring to "the discovery taken and produced in *CCI I*." (Mot. 7–8; Opp'n Ex. A, Decl. Corey L. Webster ("Webster Decl.") 6–15, ECF No. 39-2.) Like Plaintiffs, Defendants have demonstrated both an ability and a willingness to rely on the evidence procured in

*CCI I*, which undercuts Moving Defendants' assertions of harm related to standard discovery requests. Thus, Moving Defendants' purported hardships do not further justify a stay.

In their Opposition, Plaintiffs assert that a stay would be harmful because it would allow Defendants to (1) continue their alleged tortious conduct and (2) increase the risk of lost evidence or witness testimony. (Opp'n 11–12.) The Court finds both of these contentions unpersuasive. Plaintiffs have not offered any justification why allowing this case to proceed would somehow result in Defendants ceasing their tortious conduct. Plaintiffs also cite *Paramount Farms, Inc. v. Ventilex B.V.* to support their contention that a stay may not be appropriate when it would cause delay in resolving the plaintiff's claims, thereby harming the plaintiff. No. CV F 08-1027-(LJO) (SMSx), 2009 WL 161052, at *33–34 (E.D. Cal. Jan. 22, 2009). However, such a concern is not present in this case; Plaintiffs do not offer anything to show that staying this action would substantially delay them in resolving their claims against Defendants. (*See* Opp'n 11–12.) To the contrary, Plaintiffs have continued to prosecute their initial claims against Maiden in *CCI I*, and the litigation has significantly progressed. Specifically, discovery in *CCI I* closed on October 21, 2021 and both parties moved for summary judgment. (Mot. 3; Opp'n 9.) Thus, staying this action will neither change defendants' behavior nor delay the resolution of *CCI I*.

Plaintiffs next assert a stay will increase the risk that evidence will become stale, and memories will fade resulting in a loss of credible witness testimony. (Opp'n 11.) Plaintiffs offer no concrete examples of witnesses or evidence that would be particularly vulnerable or at issue should a stay be granted pending resolution of *CCI I*. (*Id.* 11–12.) Rather, Plaintiffs rely on a general, abstract risk that could theoretically arise in any litigation context.

Plaintiffs further undercut their alleged harm through their willingness to rely on evidence obtained before the close of discovery in *CCI I*. (Opp'n 13.) In their Opposition, Plaintiffs assert "the parties can incorporate discovery from one case as

part of discovery responses in the other without causing any surprise or unfairness to any party." (*Id*.)  Thus, Plaintiffs have demonstrated that the continued prosecution of *CCI I* may actually generate some of the discovery needed for the instant action—minimizing the risk of loss of evidence should this action be stayed pending *CCI I*. Accordingly, the generalized risk of loss of evidence that Plaintiffs rely on, appears to be speculative at best.  Plaintiffs therefore fail to offer any concrete examples of harm they will suffer should the stay be granted.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Moving Defendants' Motion to Stay.  (ECF No. 38.)  Accordingly, the Court hereby **STAYS** this action pending the resolution of *CCI I*.  All dates and deadlines are **VACATED**.  The Court **ORDERS** the parties to file a joint status report **every 90 days** until this action is reinstated, with the status of the related action, *CCI I* (*Cal. Capital Ins. Co., v. Maiden Reinsurance N. Am., Inc.*, Case No. 2:20-cv-01264-ODW (JPRx)).  The first joint status report must be filed no later than **May 16, 2022**.

Finally, on April 8, 2022, Defendant Enstar US Inc. moved for review of Magistrate Judge Rosenbluth's order granting in part and denying in part Plaintiffs' motion to compel.  (Mot. Review Order ("Motion for Review"), ECF No. 56.)  Because this action is now stayed, the Court hereby **DENIES** as **MOOT** Defendant's Motion for Review, (ECF No. 56), with leave to refile it once this action is reinstated.

**IT IS SO ORDERED.**

April 15, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**